### DODIN et al. v. DODIN et al.

(Supreme Court, Appellate Division, First Department.    December 7, 1906.)

1. WILLS—CONSTRUCTION—RIGHTS ACQUIRED BY DEVISEES.

Testator devised land to his wife for life, with power to sell the same as she might deem for the best interests of the estate, and with the right to use the proceeds without an accounting, and if any part of the proceeds should remain after her death the same should pass to his children. *Held*, that the will gave the wife the power to sell the estate and the privilege of using the proceeds thereof to their entire amount; the children having an interest only in such of the estate as remained undisposed of at her death.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, § 1421.]

2. SAME—TRANSACTIONS BETWEEN DEVISEES—VALIDITY.

Testator, owning two parcels of real estate, devised one parcel to his children, and one parcel to his wife for life with power to sell and use the proceeds. The property devised to the children was sold to pay debts. The adult children joined in the conveyance, and through the power of sale the interest of an infant child was conveyed. The wife thereafter divided the tract devised to her into lots and conveyed for a nominal consideration a lot to each of the adult children, and conveyed for an expressed valuable consideration five lots to the infant child. The adult children were responsible for the situation necessitating the sale of the property devised to the children. *Held* that, as the wife had the right to waive her interest in the land devised to her and distribute it, the adult children could not complain of the act of the wife in reimbursing the in-

fant for the loss sustained in consequence of the sale of the land devised to the children.

Appeal from Special Term, New York County.

Action by Henry A. Dodin and others against Clara B. Dodin and another. From a judgment dismissing the complaint on the merits, plaintiffs appeal. Affirmed.

Argued before McLAUGHLIN, PATTERSON, INGRAHAM, HOUGHTON, and SCOTT, JJ.

Jacob Fromme, for appellants.

Frederick R. Coudert, for respondents.

HOUGHTON, J. Alexander Dodin died seised of two parcels of real estate, one known as the "Homestead" property, and the other as the "Avenue C" property. He left a will by which the Avenue C property was devised to his children as a part of his residuary estate. The homestead property he gave for life to his wife, who is now deceased, with power to sell the whole or any part of it "as she may deem to be for the best benefits of my estate," and with the right to use and enjoy the proceeds of such sale without accounting in any manner thereafter, and, if any part of such proceeds should remain after her death, the same to pass to his children share and share alike. The effect of this clause of the will was, we think, to give the widow power of sale and the privilege of using the proceeds of such sale even to their entire exhaustion; the children having an interest only in such part thereof as should chance to remain undisposed of at her death. The widow and Henry A. Dodin, one of these plaintiffs, were made executors.

Certain complications arose with respect to the Avenue C property, which it is unnecessary to enumerate, whereby it became necessary, through judgments of the court, to sell the same in satisfaction of a large indebtedness. All of the testator's children were of full age, except this respondent, and they joined in a conveyance with the executors to the purchaser. Through the power of sale contained in the will the interest of respondent, then an infant, was conveyed to such purchaser. The infant was in no wise responsible for any complication arising with respect to the Avenue C property, and her interest therein under her father's will, thus conveyed by the executors, amounted, as then computed, to the sum of $8,162.69. She was also interested in a legacy under the will of her uncle to the extent of $1,873.60. This latter amount, as well as her interest in the Avenue C property, computed at the amount above specified, was all used by her mother and brothers and sisters in adjusting the claims upon that property.

After this complication had been adjusted, the mother and widow divided the homestead property into ten lots, and conveyed one lot to each of the four plaintiffs and to Edward J. Dodin, for a nominal consideration of $1. To the respondent Clara B. Dodin she conveyed the remaining five lots for an expressed consideration of $10,000. The consideration of $10,000 expressed in the deed to respondent manifestly was in payment of the sum representing her interest in the Avenue C property and her interest in the legacy, which together slightly ex-

ceeded that amount. The conveyances were made substantially at the same time, and from the situation disclosed by the evidence it must be presumed that all of the brothers and sisters of respondent understood that the mother was waiving her rights to the homestead property and was distributing it amongst the children of the testator in the proportions specified by his will, except that she was endeavoring to repay to the respondent the moneys belonging to her which had been used for the benefit of all in the adjustment of the controversy over the Avenue C property by conveying to her four extra lots.

Four of the brothers and sisters are the plaintiffs herein, and they seek to set aside the conveyance of these four lots on the ground that the conveyance was illegal and one which the mother had no right to make. One brother, Edward J., refused to join as plaintiff and was made a defendant. The complaint was dismissed by the trial court, and we think properly. The respondent was an infant at the time the transaction was had respecting the Avenue C property, as well as when the division of the homestead property was made. Her adult brothers and sisters were responsible for the situation in which the Avenue C property finally was, and not herself. Her interest remained in that property unaffected by whatever was done regarding it, as well as her interest in the legacy. Both were taken and used by her mother and brothers and sisters to settle the complication which had arisen. It certainly was just that she should be reimbursed, and it is entirely clear that all parties knew, when the deed of the homestead lots were given to her, that the mother was attempting to repay her the moneys which all had had the benefit of. We think the mother had the right to waive her interest in the homestead property and distribute it amongst the testator's children if she saw fit, and that she further had the right to pay the respondent the amount which the estate owed her, by deeding to her an extra number of lots. She certainly had the right to do so if all the adults interested in the estate consented that she might, and they themselves took portions under the same distribution. Parties interested in an estate, who are of age, can distribute it amongst themselves, and, in the absence of fraud, such distribution will be held binding upon them. Blair v. Cargill, 111 App. Div. 853, 98 N. Y. Supp. 109.

The fact that the respondent was then an infant does not affect her brothers and sisters who were of age, and who consented to the arrangement and distribution. It is only the infant who can complain and who is not bound. She makes no complaint, and we do not think the plaintiffs are in a situation to make any.

The judgment was right, and should be affirmed, with costs. All concur.